IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **AMERICAN FIDELITY ASSURANCE COMPANY,**<br><br>*Interpleader Plaintiff,*<br><br>v.<br><br>**WILLIAM F. GRAF, as Personal Representative of the Estate of Richard A. Vickery, Jr. and Successor Trustee of the Richard A. Vickery, Jr. Trust dated June 8, 2000; MARY ANN VICKERY MINKE; CHRISTIANNA VICKERY HOWELL; and RICHARD A. VICKERY III,**<br><br>*Interpleader Defendants.* | Case No. 1:24-cv-02306 |

## COMPLAINT-IN-INTERPLEADER

Interpleader Plaintiff American Fidelity Assurance Company ("American Fidelity"), through undersigned counsel, hereby submits this Complaint-in-Interpleader against Defendants William F. Graf as Personal Representative of the Estate of Richard A. Vickery, Jr. and Trustee of Richard A. Vickery, Jr. Trust dated June 8, 2000; Mary Ann Vickery Minke; Christianna Vickery Howell; and Richard A. Vickery III (collectively, the "Interpleader Defendants"), as follows:

1

## PARTIES

1.     American Fidelity is an insurance company organized and existing under the laws of the State of Oklahoma, with its principal place of business located in Oklahoma City, Oklahoma. American Fidelity is, and at all relevant times was, authorized to transact business in the State of Colorado.

2.     Interpleader Defendant William F. Graf is a citizen of the State of Colorado and a resident of Lakewood, Colorado. Upon information and belief, William F. Graf is the duly appointed personal representative of the Estate of Richard A. Vickery, Jr. and Successor Trustee of the Richard A. Vickery, Jr. Trust dated June 8, 2000.

3.     Interpleader Mary Ann Vickery Minke is a citizen of the State of Arizona and a resident of Tuscon, Arizona. Upon information and belief, Mary Ann Vickery Minke is the daughter of Richard A. Vickery, Jr., the insured under the life insurance policies at issue in this action (the "Insured").

4.     Interpleader Defendant Christianna Vickery Howell is a citizen of the State of Colorado and a resident of Edwards, Colorado. Upon information and belief, Christianna Vickery Howell is the daughter of the Insured.

5.     Interpleader Defendant Richard A. Vickery III is a citizen of the State of Colorado and a resident of Lakewood, Colorado. Upon information and belief, Richard A. Vickery III is the son of the Insured.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because there is minimal diversity among the adverse claimants and the amount in controversy exceeds $500.00.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1397 because at least one Interpleader Defendant resides in this judicial district.

## GENERAL ALLEGATIONS

8.     On or around January 23, 1995, American Fidelity issued a policy insuring the life of Richard A. Vickery, Jr. (defined above as the "Insured") in the amount of $50,000.00—Policy No. 94124980. In the application that was incorporated as part of the policy, the Insured designated the primary beneficiary of Policy No. 94124980 as: "Trust created under the last will & testament of insured dtd 6/18/84." The Insured designated the contingent beneficiaries of Policy No. 94124980 as his three children—Mary Ann Vickery, Christianna Vickery, Richard A. Vickery III—with each assigned a 1/3 share of the policy's death benefit.

9.     On or around June 13, 1996, American Fidelity issued a second policy on the life of the Insured in the amount of $25,750.00—Policy No. 96103332 (Policy No. 94124980 and Policy No. 96103332 shall be referred to herein as the "Policies"). In the application that was incorporated as part of the policy, the Insured also designated the primary beneficiary of Policy No. 96103332 as: "Trust created under

3

the last will & testament of insured dtd 6/18/84." The Insured also designated the contingent beneficiaries of Policy No. 96103332 as Mary Ann Vickery, Christianna Vickery, Richard A. Vickery III, with each assigned a 1/3 share of the policy's death benefit.

10. Upon information and belief, the Insured died on July 16, 2023.

11. On or around May 22, 2024, American Fidelity received a claim form from William Graf seeking the death benefits of the Policies in his capacity as "Personal Representative and Successor Trustee." In connection with his claim, Mr. Graf submitted the Last Will & Testament of Richard A. Vickery, Jr. dated February 24, 2023, as well as the Trust Agreement of the Richard A. Vickery, Jr. Trust dated June 8, 2000.

12. The Last Will & Testament of Richard A. Vickery, Jr. dated February 24, 2023, states in relevant part:

> I, **Richard A. Vickery, Jr.**, of Evergreen, Colorado, a man of more than eighteen (18) years of age and being of sound disposing mind and memory and not acting under duress, menace, fraud, or undue influence of any person whomsoever, do make, publish and declare this instrument as and to be my Last Will and Testament, ==hereby revoking any and all wills, codicils or other Testamentary writing heretofore made by me.==

13. By letter dated June 28, 2024, American Fidelity advised Mr. Graf that it could not pay the Policies' death benefits to the primary beneficiary of record for

the Policies because the "Trust created under the last will & testament of insured dtd 6/18/84" was presumptively revoked by the Last Will & Testament of Richard A. Vickery, Jr. dated February 24, 2023.

14. In response to American Fidelity's letter, by correspondence dated June 29, 2024, Mr. Graf stated in relevant part:

> So that I can properly exercise my duty to maximize the Estate and Trust and carry out the wishes of Richard A. Vickery, Jr., I respectfully request that you send me a copy of all beneficiary designations in your files concerning Richard A. Vickery, Jr.
>
> I am concerned there may be an error because:
> 1. There is no Will dated 06/18/1984;
> 2. The Will dated February 24, 2023 did not affect or revoke the beneficiary under the reference Policies and any other policies concerning Richard A Vickery, Jr.;
> 3. The Richard A. Vickery, Jr. Trust dated June 8, 2000 is a revocable living trust and was not a testamentary trust.
>
> It will be best if you do not distribute the policy proceeds to any person until I confirm that I agree with your decision. If I disagree, I will file suit in the Jefferson County probate court to compel payment to the Estate or Trust. So, let us resolve this now.

15. In light of the foregoing, American Fidelity cannot determine without peril the proper party(ies) to whom the Policies' death benefits are payable. Accordingly, American Fidelity has been compelled to retain counsel and file the instant interpleader action.

### INTERPLEADER TO DEPOSIT POLICY PROCEEDS INTO THE REGISTRY OF THE COURT

16. American Fidelity incorporates by this reference each preceding paragraph as if fully set forth herein.

17. American Fidelity admits the Policies' death benefits are payable. However, due to the issues described above, American Fidelity cannot determine without peril the proper party to whom the death benefits are owed.

18. American Fidelity claims no beneficial interest in the Policies' death benefits, and it is instead a mere stakeholder.

19. Unless the conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, American Fidelity may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policies' death benefits.

20. American Fidelity is ready, willing, and able to pay the Policies' death benefits into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

21. American Fidelity is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against American Fidelity for the recovery of any claim, in whole or in part, against the Policies.

22. American Fidelity should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, American Fidelity respectfully submits that this Court submit a final order in its favor and against Interpleader Defendants as follows:

1. That the Policies' death benefits be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which of the Interpleader Defendants are rightfully entitled to the Policies' death benefits;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, and/or assigns, from instituting or maintaining any action in any court or forum against American Fidelity for the recovery of any claim, in whole or in part, against the Policies;

4. That an award be made to American Fidelity out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that American Fidelity is compelled to expend in the prosecution of this lawsuit;

5. That American Fidelity be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policies with an express finding of finality pursuant to Fed. R. Civ. P. 54(b); and

6.    That American Fidelity be awarded such other and further relief as the Court may deem just and proper.

Dated:    August 21, 2024

Respectfully submitted,

<u>/s/ Ben Roxborough</u>
Ben Roxborough (CBN 51331)
MAYNARD NEXSEN, LLP
10100 Santa Monica Boulevard
Suite 550
Los Angeles, CA 90067
Phone: (310) 596-4500
broxborough@maynardnexsen.com

**Counsel for Interpleader Plaintiff**
**American Fidelity Assurance Company**